UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23835-CV-WILLIAMS
MAGISTRATE JUDGE REID

MARCUS O. TAITE,
*also known as*
MARCUS ORLANDO TATE
DRELIJAH J. MUHAMMAD-ALI,
DRELIYAH YOSHUA
MOHAMMEDE-EL-BEY-TEY
WASHITAW,

     Plaintiff,

v.

ALABAMA GOVERNOR KAY IVEY,
*et al.,*

     Defendants.
_____/

## REPORT OF MAGISTRATE JUDGE
## RE DISMISSAL OF COMPLAINT - 28 U.S.C. § 1915(g)

### I. Introduction

Plaintiff, **Marcus O. Tate,** a convicted felon, currently confined at Bibb County Correctional Facility ("Bibb County Correctional"), no stranger to this and other federal courts, is a prolific[1] *pro se* filer. He has filed this latest civil rights Complaint, pursuant to 42 U.S.C. § 1983, against Alabama Governor Kay Ivey, Michael W. Jackson, D.A., Spencer Brent Walker, D.A., and

---

[1]Pursuant to Fed. R. Evid. 201(b) and (c), this Court takes judicial notice of its records filed in this and other federal courts. *See United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)("A court may take judicial notice of its own records and the records of inferior courts."); *United States v. Jones,* 29 F.3d 1549, 1533 (11th Cir. 1994)(indicating that documents filed in another court may be judicially noticed)(*quoting Liberty Mut. Ins. Co. v. Rotches Park Packers, Inc.*, 969 F.2d 1384, 1388-89 (2d Cir. 1992)).

a North Miami Beach Police Agency. [ECF No. 1]. As best can be discerned, he appears to allege his constitutional rights were violated by the issuance of a fugitive arrest warrant executed in Miami, Florida, in 1998, which he maintains was overturned in March 2020 in Centerville, Alabama Circuit Court, Case No. 07-cv-2020-000006.00. [*Id.*]. He seeks the prosecution of the Governor of Alabama for issuing the fugitive arrest warrant, and seeks compensatory and punitive damages resulting from what he claims was an unlawful arrest. [*Id.*].

This matter was referred to the undersigned for report and recommendations pursuant to 28 U.S.C. § 636 and S.D. Fla. Admin. Order 2019-2. The Complaint should be **DISMISSED** and the case **CLOSED** because Plaintiff is a "three-striker" who has not pre-paid the statutory filing fee, and has not met the imminent danger exception to the three-strike provision of the Prison Litigation Reform Act.

## II. Discussion

Plaintiff is a "three-strikes" litigant under 28 U.S.C. § 1915(g), which states as follows:

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits or appeals." *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (citation omitted); *see also Howard v. Kraus*, 642 F. App'x 940, 941 (11th Cir. 2016). The proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status, but is

barred by the three strikes provision, is to dismiss the complaint without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). A three-striker cannot pay the filing fee after initiating suit as a retroactive cure. *See id*.

Plaintiff has filed multiple pro se civil actions or appeals in federal court that have been dismissed and count as "strikes" pursuant to 28 U.S.C. § 1915(e)(2)(B). The Undersigned takes judicial notice of these "strikes" pursuant to Fed. R. Evid. 201. *See United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir. 1994) (indicating that documents filed in another court may be judicially noticed).

- *Marcus Orlando Tate v. Haley,* No. CA-02-0034-MHT-CSC (M.D. Ala. April 18, 2002) (dismissed with prejudice for failure to state a claim upon which relief can be granted);

- *Marcus O. Tate v. Keahey,* No. CA-02-734-BH-S (S.D. Ala. Feb. 11, 2003)(dismissed without prejudice for failure to state a claim upon which relief can be granted);

- *Marcus Tate v. Lawson,* No. CA-06-01779-RBP (N.D. Ala. Nov. 17, 2006)(dismissed for failure to state a claim upon which relief can be granted);

- *Marcus Taite v. U.S. Eleventh Circuit Court Judges,* No. 16-25148-CV-Williams (S. D. Fla. 2016)(dismissed under § 1915(g)).

Because Plaintiff has filed at least three previously dismissed cases which qualify as strikes, Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception of section 1915(g). To plead the imminent danger exception, the Eleventh Circuit requires specific allegations of present imminent danger that may result in serious physical harm. *See Brown v. Johnson*, 387 F.3d 1344, 1349-50 (11th Cir. 2004).

Here, Plaintiff does not allege that he is in imminent danger of serious physical injury, nor does he allege any facts that would support such an allegation. Thus, Plaintiff does not meet this exception and remains barred from proceeding *in forma pauperis*. *See O'Connor v.*

*Suwannee Corr. Institution*, 649 F. App'x 802, 804-05 (11th Cir. May 9, 2016). Since Plaintiff does not qualify under the imminent danger exception to §1915(g), dismissal of the instant civil rights action is, therefore, appropriate.

### III. Recommendations

Based upon the foregoing, it is recommended that the complaint [ECF No. 1] be **DISMISSED, without prejudice,** pursuant to 28 U.S.C. §1915(g) and *Dupree v. Palmer*, 284 F.3d 1234, 1237 (11th Cir. 2002), and this case **CLOSED.**

Objections to this Report and Recommendation may be filed with the District Judge within fourteen days of receipt of a copy of the such. Failure to do so will bar a de novo determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 5th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Marcus O. Taite, *Pro Se\\*
      also known as Drelijah J. Muhammad-Ali, *Pro Se*
      Inmate AIS #00180664
      (Id.# 37-1880026 as noted in [ECF No. 1 at 1])
      Bibb Correctional Facility
      Inmate Mail/Parcels
      565 Bibb Lane
      Brent, AL  35034